IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-610-BO-BM

| | |
|---|---|
| CARLA HINZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| PEOPLESCOUT, INC. and TRUEBLUE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motions to dismiss the original and the amended complaint. [DE 10]; [DE 15]. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for disposition. For the reasons that follow, the motion to dismiss the amended complaint is granted.

## BACKGROUND

Plaintiff initiated this action against her former employer, PeopleScout, and its parent company, TrueBlue,[1] alleging claims for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*, and wrongful discharge in violation of North Carolina public policy as set out in the North Carolina Equal Employment Practices Act (NCEEPA), N.C. Gen. Stat. § 143-422.2. [DE 1]. Plaintiff subsequently filed an amended complaint, alleging the same claims for relief. [DE 14]. Plaintiff alleges that, despite having no history of performance issues and being a top producer on her team, in December 2022 she was

---

[1] Plaintiff named TrueBlue Staffing as a defendant in her original complaint. Because the amended complaint supersedes the original complaint, the Court uses the defendants named in the amended complaint.

terminated from her employment by PeopleScout and was replaced with a younger, less qualified individual.

Defendants seek to dismiss plaintiff's amended complaint as time-barred based upon a one-year limitations period contained in the Employee Agreement that plaintiff signed on September 28, 2021. Plaintiff argues that that Court should not consider the Employment Agreement at this stage of the proceedings and that the statute of limitations contained in the Employment Agreement is further ambiguous and does not apply to bar her claims.

## DISCUSSION

In light of the filing of the amended complaint, the motion to dismiss the original complaint [DE 10] is DENIED as MOOT. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

When considering a Rule 12(b)(6) motion, a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the

document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). And where there are sufficient facts available on the face of the complaint to rule on an affirmative defense such as a statute of limitations defense, a court may do so at the Rule 12(b)(6) stage. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

Here, plaintiff does not contest the authenticity of the Employment Agreement proffered by defendants. Although she argues that the Employment Agreement is not integral to her claims, the Court disagrees. First, plaintiff has expressly referred to the Employment Agreement in her amended complaint. *See Pasternak & Fidis, P.C. v. Recall Total Info. Mgmt., Inc.*, 95 F. Supp. 3d 886, 894 (D. Md. 2015) (court may consider at 12(b)(6) stage documents which are expressly relied on and integral to complaint). Plaintiff further acknowledges in her amended complaint that she received the Employment Agreement and was required to sign it prior to her being hired. Amd. Compl. ¶ 16. The Employment Agreement is integral to plaintiff's complaint, as plaintiff both cities to the Employment Agreement and alleges that it is void and unenforceable. *See Goines*, 822 F.3d at 166 (document is integral to complaint where complaint "relies heavily upon [document's] terms and effect") (citation omitted); *Vega v. Amurcon Realty Co.*, No. 6:24-cv-00020, 2025 U.S. Dist. LEXIS 60675, at *15 (W.D. Va. Mar. 31, 2025). Thus, the Court may properly consider the Employment Agreement without converting the motion to one for summary judgment

The Employment Agreement that plaintiff signed on September 28, 2021, expressly provides that claims relating to or arising out of plaintiff's termination of employment with PeopleScout must be filed with a court of competent jurisdiction within one year of the violation which gives rise to any claim, including claims of discrimination and wrongful termination. [DE

3

15-2], Ex. 1-A, § II.B.5. This action was commenced on October 29, 2024, more than one year from the date of her termination in December 2022.

Plaintiff first argues that she did not agree to the statute of limitations provision in the Employment Agreement, which states that "If Company and I agree . . .". [DE 16] at 4; [DE 15-2] at 4. Plaintiff also argues that this clause is ambiguous and should not be applied. The Court disagrees. Plaintiff signed the Employment Agreement in two places, including directly under a bolded section which states that the employee agrees to the terms of the Employment Agreement. [DE 15-2] at 8. Plaintiff is therefore bound by the terms of the Employment Agreement. *See J.B. Colt Co. v. Turlington*, 184 N.C. 137 (1922) ("Having signed the contract, she is presumed to have read it, and is bound by its terms."). Moreover, there is no ambiguity in the limitations provision.

Plaintiff next argues that the ADEA's limitations period is a substantive statutory right that cannot be waived by agreement, primarily relying on two Sixth Circuit decisions. The Sixth Circuit has found that Title VII's limitation period "is not prospectively waivable as it pertains to litigation[,]" and thus parties are not free to shorten the time for bringing a Title VII claim by agreement. *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 829 (6th Cir. 2019). The Sixth Circuit later extended its holding in *Logan* to ADEA claims. *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 521 (6th Cir. 2021).

But in this circuit, "statutory limitations periods may be shortened by agreement, so long as the limitations period is not unreasonably short." *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 287 (4th Cir. 2007). And courts considering this issue have held that a one-year limitations period is not unreasonably short. *Id.*; *Bracey v. Lancaster Foods LLC*, 838 F. App'x 745, 749 (4th Cir. 2020).

4

The Court need not determine whether the *Logan* and *Thompson* decisions are persuasive, as their holdings are "inconsistent with relevant precedent of the Fourth Circuit." *Thomas v. EOTECH, LLC*, No. CV TDC-23-3313, 2024 WL 5239487, at *8 (D. Md. Dec. 27, 2024). The *Bracey* decision from the Fourth Circuit, which considered an arbitration agreement that shortened employment discrimination statutes of limitations to one year, applied *In re Cotton Yarn* and specifically rejected the argument that the agreed upon limitations period was substantively unconscionable because it would "make it difficult to exhaust . . . claims before the EEOC". *Bracey*, 838 Fed. App'x at 749; *see also Vega,* 2025 U.S. Dist. LEXIS 60675, at *17 (applying *Bracey*'s holding). At bottom, plaintiff's arguments fail to convince the Court that the reasoning of *Logan* and *Thompson* can be applied to this case. Rather, consistent with Fourth Circuit precedent, the parties were free to contractually shorten the limitations period for plaintiff's employment discrimination claims and the one-year limitations period is not unreasonable. *See Vega*, 2025 U.S. DIST. LEXIS 60675 *17. Plaintiff filed her complaint outside of this limitations period, and defendant has demonstrated that the statute of limitations bars plaintiff's claims.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss the original complaint [DE 10] is DENIED as MOOT. Defendants' motion to dismiss the amended complaint [DE 15] is GRANTED. Plaintiff's complaint is DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this 24 day of September 2025.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE